UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MANUCHEHR MIRAMONOV, Petitioner,

v. Civil Action No. 4:26-cv-544-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al., Respondents.

* * * * *

**MEMORANDUM AND ORDER**

Petitioner Manuchehr Miramonov, a noncitizen currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. Miramonov alleges that his detention is unlawful under the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (*See* Docket No. 1; D.N. 12) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 12). After careful consideration, the Court will grant Miramonov's petition for the reasons explained below.

**I.**

Miramonov is a native and citizen of Tajikistan. (D.N. 1, PageID.3 ¶ 5; *see* D.N. 8-1, PageID.46) On May 8, 2023, Miramonov was placed in removal proceedings via a Notice to Appear (NTA), which designated him as an "alien present in the United States who has not been admitted or paroled." (D.N. 1-6, PageID.21) According to the NTA, Miramonov entered the United States on or about May 3, 2023. (*Id.*) He was deemed inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (*id.*) and was released on an order of recognizance (OREC) (D.N. 8-3, PageID.55). On July 30, 2026, Miramonov was "encountered" by Indiana State Police (ISP). (D.N. 8-1, PageID.47) ISP contacted Immigration and Customs Enforcement (ICE), which

determined that Miramonov was in the United States unlawfully. (*See id.*) His OREC was cancelled (*see* D.N. 8-4, PageID.57), and on July 31, 2026, Miramonov was arrested and taken into ICE custody pursuant to an administrative warrant (D.N. 8-1, PageID.47; *see* D.N. 8-5, PageID.59). Since his arrest, Miramonov has not received a bond hearing. (*See* D.N. 8, PageID.39; D.N. 12, PageID.75)

Miramonov seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis; Acting Director of ICE David Venturella; and Department of Homeland Security (DHS) Secretary Markwayne Mullin. (D.N. 1, PageID.3 ¶¶ 6–8) Miramonov alleges that his detention without a bond hearing is unlawful pursuant to *Lopez-Campos*. (*See* D.N. 1-3, PageID.12–13; D.N. 12, PageID.75–76) He asks the Court to order a bond hearing or his release. (*See* D.N. 1, PageID.6) Respondents argue that (1) Miramonov has not been "deprived of any due process right" because he has not requested custody redetermination under 8 U.S.C. § 1226(a) and (2) Miramonov should be required to exhaust administrative remedies by filing a motion for custody redetermination to receive a bond hearing. (*See* D.N. 8, PageID.39–43)

**II.**

**A. Exhaustion of Remedies**

Respondents argue that Miramonov should be required to exhaust administrative remedies by seeking custody redetermination. (*See id.*, PageID.40–43) Miramonov maintains that "ICE's own record said . . . [he] would be held without bond because of policy"; "[t]he [g]overnment acknowledged § 1226(a) eligibility only after reviewing [his] [p]etition"; and "[r]equiring exhaustion as a precondition to recognizing the now-undisputed statutory classification would serve no administrative purpose." (D.N. 12, PageID.77)

Because "there is no applicable statute or rule that mandates administrative exhaustion" here, the Court may exercise its discretion as to whether exhaustion should be required. *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026) (citing *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). District courts in the Sixth Circuit apply the three-factor test set out in *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983), in deciding whether to require exhaustion. *See Soto-Medina*, 817 F. Supp. 3d at 619. Under that test, a court may require exhaustion when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* at 619–20 (citing *Cal. Care Corp.*, 709 F.2d at 1248). Here, whether Miramonov's detention without a bond hearing violates due process is "principally a legal question" that does not require agency consideration. *Id.* at 620. Second, waiving exhaustion would not encourage the deliberate bypass of administrative review because Miramonov's petition raises constitutional claims (*see* D.N. 1-3, PageID.12; D.N. 12, PageID.75–77). And "the BIA cannot review constitutional challenges." *Soto-Medina*, 817 F. Supp. 3d at 620 (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006)). For the same reason, administrative review would not preclude the need for judicial review under the third *California Care Corp.* factor. *See id.* Accordingly, the Court will waive exhaustion and consider Miramonov's petition. *See Kashyap v. Lewis*, No. 4:26-cv-567-DJH, 2026 WL 3218655, at *1–2 (W.D. Ky. Oct. 27, 2026) (waiving exhausting where the "[r]espondents argue[d] that [the petitioner] should be required to exhaust administrative remedies by seeking custody redetermination under § 1226(a)").

**B. Due Process**

It is undisputed that Miramonov "is detained under 8 U.S.C. § 1226(a)." (D.N. 8, PageID.39) He is therefore entitled to a bond hearing. *See Lopez-Campos*, 175 F.4th at 732–34. Citing *Lopez-Campos*, Miramonov asserts that he was improperly denied a bond hearing and that "ICE . . . treated [him] as categorically ineligible for bond." (D.N. 12, PageID.76) Respondents argue that because "[Miramonov] has available to him the right to seek custody redetermination . . . [and] simply hasn't sought the relief available to him," he has not been "deprived of any due process right." (D.N. 8, PageID.40) District courts within the Sixth Circuit—including this Court—have repeatedly rejected that argument. *See Kashyap*, 2026 WL 3218655, at *2 (collecting cases).

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *8 (W.D. Ky. Nov. 4, 2025) (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Miramonov "has a significant private interest in not being detained." *Id.*; *see Kashyap*, 2026 WL 3218655, at *3 (collecting cases). Moreover, "the risk of erroneously depriving [Miramonov] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025).

Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Kashyap*, 2026 WL 3218655, at *3 (quoting *Barrera*, 2025 WL 2690565, at *7). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that DHS can readily follow here." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493–94 (E.D.N.Y. 2025). Thus, because all three *Mathews* factors weigh in Miramonov's favor, the Court concludes that his detention violates due process. *See Kashyap*, 2026 WL 3218655, at *2–3 (finding that the petitioner's detention violated due process even though he did not request a bond hearing available to him under § 1226(a)); *Perdomo Amaya v. Bullock*, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sep. 24, 2026) (finding that the "Petitioner's detention violated his due process rights" even though "the Government . . . argue[d] that the Petitioner need not be released because he ha[d] not requested a bond hearing" (emphasis omitted)). And because Miramonov is unlawfully detained, the Court will order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Kashyap*, 2026 WL 3218655, at *3 (ordering immediate release); *Perdomo Amaya*, 2026 WL 2873809, at *2 (same).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Miramonov's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Miramonov, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).[1] Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **November 12, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

November 9, 2026

**David J. Hale, Chief Judge**
**United States District Court**

[1] "In any such hearing, 'the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.'" *Kashyap*, 2026 WL 3218655, at *3 n.2 (quoting *Halstead v. Putra*, No. 1:26-cv-2591, 2026 WL 3002481, at *2 (W.D. Mich. Oct. 6, 2026)).